S. JOHN FRANKLIN, PROSECUTOR, v. JOHN S. HORTON, CITY CLERK OF MILLVILLE, THE CITY OF MILLVILLE, AND THE PEOPLE'S WATER COMPANY OF MILLVILLE, N. J., RESPONDENTS.

Argued November 1, 1921—Decided February 14, 1922.

A city governed by the Walsh act (*Pamph. L.* 1911, *p.* 462) contracted to buy the entire plant of a water company at a stated price, and, while the company remained in possession pending litigation as to the validity of the contract, it became desirable to make extensions to the water mains in the streets, and other improvements. At the request of the company, a resolution was introduced, and was adopted the same day by the city commissioners, "that if any extensions of water mains or other improvements to the plant are installed by the company at the request or approval of the commissioners, the costs of said extensions or improvements shall be added to the purchase price of the plant, and paid for by the city at the time of settlement, if the contract of purchase be adjudged valid, and if adjudged invalid then the expense of said extensions and improvements shall be borne by the water company." *Held*, that the resolution was invalid and will be set aside for failure to comply with section 6 of the Walsh act (as amended by *Pamph. L.* 1912, *p.* 649), requiring that every ordinance or resolution appropriating money, or authorizing the making of any contract or granting any franchises, or the right to occupy or use the streets, shall remain on file with the city clerk for public inspection at least two weeks before the final passage or adoption thereof.

On *certiorari*, &c.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the prosecutor, *Lewis Starr*.

For the city of Millville, *Louis H. Miller*.

The opinion of the court was delivered by

TRENCHARD, J.    On July 31st, 1920, the People's Water Company of Millville made a proposition to the city of Millville to sell to the city the water company's entire plant for

$125,000, settlement to be made on or before January 1st, 1921. The commissioners of the city (which was governed by the Walsh act, *Pamph. L.* 1911, *p.* 462) adopted a resolution accepting the offer subject to the approval of the electors of the city at the general election to be held November 2d, 1920. At such election the electors voted favorably upon the proposition, but the consummation of the contract on January 1st, 1920, was delayed, and the water company remained in possession and operation, owing to litigation over the contract and ordinance authorizing the same.

Pending the determination of the issues thus raised, it became desirable to make certain extensions to the water mains in the streets and other improvements to the plant, and the water company requested the commissioners to adopt a resolution as follows:

"*Resolved,* that if any extensions of water mains or other improvements to the plant of the People's Water Company are installed by the water company, at the request or approval of the board of commissioners, the costs of said extensions or improvements shall be added to the purchase price of the plant, and paid for by the city at the time of settlement for the plant, under the agreement of purchase, if the contract of purchase be adjudged valid, and if the contract of purchase be adjudged invalid, then the expenses of such extensions and improvements shall be borne by the water company."

This request was presented to the commissioners on May 20th, 1921, and the resolution was introduced and adopted the same day.

That resolution is brought up by this writ, and its validity is now challenged for the reason, among others, that the commissioners in adopting it did not comply with the statutory requirements.

We are of the opinion that the point is well taken.

Section 6 of the Walsh act, as amended by *Pamph. L.* 1912, *p.* 649, provides, among other things, that every ordinance or resolution appropriating money, or authorizing the making of any contract or granting any franchises, or the right to occupy

or use the streets, shall be complete in the form in which it is finally passed and remain on file with the city clerk for public inspection at least two weeks before the final passage or adoption thereof.

As we have pointed out, the resolution in question was finally passed or adopted on the same day it was introduced.

The city maintains that the resolution did not embody any new and independent contract, and, therefore, the statute has no application.

But we think that contention is without merit. The request that such municipal action be taken, having emanated from the water company, the adoption of the resolution and the construction of the extensions and improvements by the water company pursuant thereto, at the request or with the approval of the commissioners, would create an obligation on the part of the city to pay therefor the value thereof in addition to the contract price for the entire plant, if the original contract be adjudged valid.

The city, however, further contends that the procedure by which the resolution in question was adopted is justified because the ordinance which authorized the original contract of purchase provides that "all further directions and proceedings for the acquisition of said property and franchises shall be by resolution."

But we think that contention is not well founded either in fact or in law.

The resolution is far from a "proceeding for the acquisition of the property," the purchase of which was authorized by the ordinance. It contemplated additional water mains and other improvements in the streets. It authorized the commissioners to obligate the city to pay, in addition to the stated contract price of the entire plant, a sum equal to the cost of any extensions of water mains and other improvements (without limit) made to the plant pending litigation should the agreement of purchase be sustained; and also provided that if the contract of purchase be not sustained the expense of such extensions and improvements should be borne by the

company. Assuming that the original contract was properly made, it cannot be possible that it can be enlarged to an unlimited extent for additions made to the plant after the contract was complete without complying with the requirements of the statute as to the making of such a contract.

The necessity of complying with the provisions of the statute is obvious. The legislature evidently considered that the inhabitants of a city were entitled to know in advance of any contemplated action by the commissioners such as that embodied in the resolution in question, and by the statute required that such a resolution should remain on file in the city clerk's office for two weeks before it is finally acted upon so that the public may have ample opportunity to inspect the same before it becomes operative.

Whether the resolution is for any other reason ineffective for the purpose intended, is a question we have not considered.

The resolution will be set aside, with costs.